UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN STREET BUILDING
ASSOCIATES LLC,

              Plaintiff,

vs.

D & T LAND HOLDINGS, LLC;
PCI HOLDINGS, LLC; and
THE HUNTINGTON NATIONAL
BANK,

              Defendants.

Case No. 1:07-cv-1056

Hon. Hugh W. Brenneman, Jr.

_____/

**OPINION**

This matter is now before the court on plaintiff's motion for partial summary judgment (docket no. 16).

**I.      Background**

Plaintiff Dearborn Street Building Associates LLC ("Dearborn") sets forth the following allegations in its first amended complaint.  On January 19, 2007, Dearborn obtained a $500,000.00 judgment against defendant PCI Holdings, LLC ("PCI") in the Circuit Court of Cook County, Illinois (referred to herein as the "Illinois Judgment").  On April 10, 2007, plaintiff filed the Illinois Judgment in the Muskegon County Circuit Court (14th Circuit Court), captioned *Dearborn Street Building Associates, LLC v. PCI Holdings, LLC*, No. 07-45166-PZ, so that it could enforce its Illinois judgment in Michigan.[1]

_____

[1]Dearborn filed the Illinois Judgment pursuant to Michigan's version of the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), M.C.L. § 691.1171 *et seq.  See,* Plaintiff's Brief in Support of the Motion for Partial Summary Judgment, dated February 27, 2008, at 2.

On or about May 2, 2007, PCI sold certain real estate located in Kent County, Michigan, to defendant D & T Land Holdings, LLC ("D&T").  The closing statement for the real estate sale reflected a purchase price of $890,000.00 for the real estate, which was financed by mortgage money obtained from defendant The Huntington National Bank ("Huntington"), and a promissory note from D&T to PCI in the amount of $155,143.64.  On May 29th, at Dearborn's request, the 14th Circuit Court issued a writ of garnishment against D&T as a garnishee defendant. Dearborn also pursued its collection efforts by recording a notice of judgment lien with the Kent County Register of Deeds on June 12th.  In a garnishee disclosure dated June 19th, D&T stated that it was not indebted to PCI.  *See* Exh. A to Amended Complaint.

Dearborn filed the present federal diversity action on October 22, 2007.  The amended complaint contains three counts.  In Count I, Dearborn alleges that the real estate sale between PCI and D&T was made with actual intent to hinder, delay or defraud PCI's creditors in violation of the Uniform Fraudulent Transfer Act ("UFTA"), M.C.L. § 566.34. In Count II, Dearborn alleges that PCI did not receive reasonably equivalent value in exchange for the sale and was either insolvent, or became insolvent as a result of the sale, in violation of UFTA, M.C.L. § 566.35. In Count III, entitled "Garnishment," Dearborn contends that  D&T's garnishee disclosure in the state court case is false.  Dearborn seeks the same relief in all three counts: a court determination that the sale by PCI to D&T was a fraudulent transfer under UFTA; avoidance of the transfer of the property; a court-ordered sale of the property to satisfy the June 12, 2007 judgment lien; an order directing D&T to pay Dearborn the sum of no less than $155,143.64 (representing the amount D&T agreed to pay to PCI in the promissory note for the property and which was payable

to Dearborn pursuant to the writ of garnishment); and unspecified equitable relief with respect to

Huntington's mortgage lien.

## II.    Discussion

Dearborn's motion seeks summary judgment pursuant to Fed. R. Civ. P. 56(c) with

respect to the "garnishment" claim as alleged in Count III.  This court, however, cannot address the

merits of this motion, because it lacks jurisdiction to enforce Dearborn's state court garnishment

directed at D&T.  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins.*

*Co. of America*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by

Constitution and statute. . . It is to be presumed that a cause lies outside this limited jurisdiction, and

the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (internal

citations omitted.) The existence of subject matter jurisdiction may be raised at any time, on a

party's motion or *sua sponte* by the court.  *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005).  In

determining whether the district court has subject matter jurisdiction of a claim, the court must

assume that plaintiff's allegations are true and must construe the allegations in a light most favorable

to him. *See Carney v. Christiansen*, 422 F. Supp. 2d 841, 846 (W.D. Mich. 2006); *Little Traverse*

*Bay Bands of Odawa Indians v. Great Spring Waters of America, Inc.*, 203 F.Supp.2d 853, 855

(W.D.Mich.2002). "Relief is appropriate only if, after such construction, it is apparent to the district

court that there is an absence of subject matter jurisdiction." *Id.*

## A.    Fed. R. Civ. P. 69

Dearborn filed this suit under the court's diversity jurisdiction, 28 U.S.C. § 1332, and

contends that it can prosecute the state court garnishment proceedings against D&T pursuant to Fed.

R. Civ. P. 69.  *See,* Plaintiff's Corrected Reply Brief dated April 8, 2008, at 4.  The court disagrees.

Rule 69 provides in pertinent part as follows:

> **(1) Money Judgment; Applicable Procedure.** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

"Rule 69 applies only to money judgments of the federal court."  Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3011 (1997).  *See United States v. Potter*, 19 F.R.D. 89 (S.D.N.Y. 1956) (Rule 69 "is not to be construed as applying to judgments other than those of the Federal Court"); *Bronkovic v. Sandholm*, No. CV 95-3134,1996 WL 743346 (E.D. N.Y. Dec. 6, 1996) (*same*).  While Rule 69 "provides for conformity of procedure in enforcing judgments of the Federal Court to state practice," it "does not constitute the Federal Court [as] an arm of the State Court with respect to collection of judgments."  *Potter*, 19 F.R.D. at 89-90.

> It is academic that it would be impossible for the holder of a judgment recovered in a state court to issue execution on that judgment in this Court and to have a receiver appointed until he first sued on that judgment and recovered one in this Court. That is precisely what the movants are attempting to do by this motion.

> \*       \*       \*

> Rule 69(a) merely directs this Court to follow the state court practice in supplementary proceedings but in no way gives it jurisdiction in supplementary proceedings over state court judgments until they have been reduced to judgment in this Court.

*United States v. Fairbank Realty Corporation*, 50 F.Supp. 373, 375 (E.D. .N.Y. 1943).  *See Threlkeld v. Tucker*, 496 F.2d 1101, 1104 (9th Cir. 1974) ("[i]nasmuch as the federal courts are not appendages of the state courts, a federal court cannot enforce a state-court judgment without first

independently establishing its own jurisdiction over the subject matter and parties")[2]; *Pierre v. Board of Com'rs of Port of New Orleans*, No. 92-2607, 1993 WL 54397 at *3 (E.D.La. Feb. 18, 1993) ("this court has no apparent interest in the execution of plaintiff's state court judgment . . . Rule 69 specifically refers to enforcement of federal court judgments"); *Kirtz v. Wiggin*, 538 F.Supp. 1218, 1221 (E.D. Mo. 1982) ("[t]his Court will not be used as a forum to execute on a state judgment").

Dearborn has properly alleged diversity jurisdiction with respect to its UFTA claims against defendants in Counts I and II. However, because the Illinois Judgment is not a "federal judgment," Dearborn cannot utilize the enforcement procedures set forth in Rule 69 to enforce a writ of garnishment issued from the state court as alleged in Count III.

### B.     Registration of a state judgment under 28 U.S.C. § 1963

The next question for the court is whether Dearborn can register the Illinois Judgment as a "federal judgment" in this court for collection under Rule 69. "The authority of a federal district court to register judgments of other courts is found in 28 U.S.C. § 1963," *Fox Painting Co. v. N.L.R.B.*, 16 F.3d 115, 117 (6th Cir. 1994), which provides as follows:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other

---

[2] In *Threlkeld*, the court found that the federal court had diversity and personal jurisdiction over the defendant (Tucker) due to his repeated litigation in California and rejected a claim that the federal court's jurisdiction arose from an attempt to enforce a California state court judgment against him. "Here diversity jurisdiction provides the basis for subject-matter jurisdiction, while the Tucker-initiated state lawsuit (resulting in the judgment sued upon in this action), viewed in the context of the other California contacts discussed throughout this opinion, provides the basis for personal jurisdiction. **We emphasize the this action is not an attempt to use a federal court or federal process to enforce a state judgment, nor is it a routine action by a creditor seeking to use a federal court to obtain a judgment upon the creditor's local judgment against a non-resident defendant.**" *Threlkeld*, 496 F.2d at 1104 (emphasis added).

district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.

The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.

28 U.S.C. § 1963.

Section 1963 does not authorize the registration of state court judgments. *See Euro-American Coal Trading, Inc. v. James Taylor Mining*, 431 F. Supp.2d 705, 708 (E.D. Ky. 2006) ("the registration procedures of 28 U.S.C. § 1963 contain jurisdictional limitations that prohibit federal courts from registering state court judgments"). As the court explained:

> This provision . . . does not contemplate registration of a judgment from any court other than those specifically enumerated therein. *See Fox Painting Co. v. N.L.R.B.*, 16 F.3d 115, 117 (6th Cir.1994) ("nothing in the language of the [statute] grants authority to a district court to register judgments of any courts other than [those listed]. The language is unambiguous."). The courts identified are all federal courts. Thus, the maxim of statutory construction "*expressio unius est exclusio alterius* " applies here-to include one is to exclude the other. By specifically listing the courts from which a judgment may be registered in federal district court, Congress intentionally eliminated those that could not. Although the Sixth Circuit has not specifically held that a state court judgment is one of those excluded by implication, the plain language of the statute allows for no other interpretation. Likewise, other district courts examining the statute have relied on this Circuit's reasoning to reach the same result. *See, e.g., Atkinson v. Kestell*, 954 F.Supp. 14, 15 n. 2 (D.D.C.1997) (*citing Fox Painting Co. v. N.L.R.B.*, 16 F.3d 115, 117 (6th Cir.1994)) *aff'd*, 156 F.3d 1335 (D.C.Cir.1998) as amended (Oct. 28, 1998) ("State court judgments cannot be registered in this [federal district] Court.").

*Euro-American Coal Trading, Inc.*, 431 F.Supp.2d at 708-709.

The Court agrees with the opinion expressed in *Euro-American Coal Trading, Inc.* that § 1963 does not provide for the registration of a state court judgment for execution in a federal district court. This opinion is shared by other courts. *See, e.g.*, *McConico v. Miles*, No. 4:05-cv-572, 2005 WL 2033436 (E.D. Mo. Aug. 18, 2005) ("this Court lacks jurisdiction to enforce plaintiff's Alabama judgment"); *Orne v. Shinn*, No. Civ 02-336, 2002 WL 1729651 at *1 (D.N.H. July 26, 2002) (court lacked subject matters jurisdiction to enforce the plaintiff's Massachusetts state judgment because state judgments cannot be registered in the federal court under § 1963); *W. S. Frey Co., Inc. v. Precipitation Associates of America, Inc.*, 899 F. Supp. 1527, 1528 (W.D. Va. 1995) (federal district court in Virginia had no authority under § 1963 to register a state court judgment and transform it into a federal judgment for execution in the federal court system).

## IV. Conclusion

To summarize, in Count III, Dearborn seeks to enforce a state court garnishment against D&T pursuant to Rule 69. However, this court can neither enforce the state court garnishment pursuant to Rule 69, nor register the underlying state court judgment as a federal judgment pursuant to § 1963 for later execution under Rule 69. Accordingly, Dearborn's motion

7

for partial summary judgment (docket no. 16) is **DENIED** and Count III is dismissed for lack of

jurisdiction.  An order consistent with this opinion shall be issued forthwith.[3]


Dated:  June 9, 2008                                    /s/ Hugh W. Brenneman, Jr.
                                                        HUGH W. BRENNEMAN, JR.
                                                        United States Magistrate Judge

---

[3] The dismissal of Count III does not preclude Dearborn from enforcing the garnishment issued in the 14th Circuit Court case, in the state court.  Under Michigan law, a garnishment proceeding is not an independent action, but is ancillary to, and wholly dependent on, the action filed against the principal defendants. *Stevens v. Northway*,  293 Mich. 31, 34, 291 N.W. 211 (1940); *Ward v. Detroit Auto. Inter-Insurance Exchange*, 115 Mich. App. 30, 35, 320 N.W.2d 280 (1982).  *See* MCR 3.101(M) (providing in pertinent part that "[i]f there is a dispute regarding the garnishee's liability . . . the issue shall be tried in the same manner as other civil actions," with the plaintiff's verified statement serving as the complaint against the garnishee and the disclosure serving as the answer).