UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN STREET BUILDING
ASSOCIATES LLC,

        Plaintiff,

vs.

D & T LAND HOLDINGS, LLC;
PCI HOLDINGS, LLC; and,
THE HUNTINGTON NATIONAL
BANK,

        Defendants.
_____/

Case No. 1:07-cv-1056

Hon. Hugh W. Brenneman, Jr.

**OPINION**

This matter is now before the court on defendant Huntington National Bank's motion for summary judgment (docket no. 36). Defendant's motion is unopposed.[1]

**I.      Background**

Plaintiff Dearborn Street Building Associates LLC ("Dearborn") sets forth the following allegations in its first amended complaint. On January 19, 2007, Dearborn obtained a $500,000.00 judgment against defendant PCI Holdings, LLC ("PCI") in the Circuit Court of Cook County, Illinois (sometimes referred to as the "Illinois Judgment"). On April 10, 2007, plaintiff filed the Illinois Judgment in the Muskegon County Circuit Court (14th Circuit Court), captioned

---

[1] The court has set forth the background of the parties' dispute in a previous opinion and order. *See* docket nos. 29, 40. For that reason, the court will address only the facts relevant to the present motion.

*Dearborn Street Building Associates, LLC v. PCI Holdings, LLC*, No. 07-45166-PZ.  *See* Exh. A. attached to amended compl.[2]

Plaintiff further alleges that on or about May 2, 2007, PCI sold certain real estate located in Kent County, Michigan, to defendant D & T Land Holdings, LLC ("D&T").  The closing statement for the real estate sale reflected a purchase price of $890,000.00 for the real estate, and was financed by a mortgage loan from defendant The Huntington National Bank ("Huntington") and a promissory note from D&T to PCI in the amount of $155,143.64.  On May 29th, at Dearborn's request, the 14th Circuit Court issued a writ of garnishment against D&T as a garnishee defendant. Dearborn also pursued its collection efforts by recording a notice of judgment lien with the Kent County Register of Deeds on June 12th.  Finally, it is alleged that in a garnishee disclosure dated June 19th, D&T falsely stated that it was not indebted to PCI.  *See* Exh. A.

The amended complaint contains three counts.  In Count I, Dearborn alleges that the real estate sale between defendants PCI Holdings, LLC (PCI) and D&T Land Holdings LLC (D&T) was made with actual intent to hinder, delay or defraud PCI's creditors in violation of the Uniform Fraudulent Transfer Act ("UFTA"), M.C.L. § 566.34.  In Count II, Dearborn alleges that PCI did not receive reasonably equivalent value in exchange for the sale and was either insolvent, or became insolvent as a result of the sale, in violation of UFTA, M.C.L. § 566.35. In neither of those two counts does plaintiff claim that Huntington was a party to this alleged fraud.  Nor does plaintiff allege that its claim has priority over Huntington's mortgage lien on the property.  In Count III, entitled "Garnishment," Dearborn contends that  D&T's garnishee disclosure in the state court case

---

[2] Presumably, Dearborn filed the Illinois Judgment pursuant to Michigan's version of the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), M.C.L. § 691.1171 *et seq.*

is false.  Dearborn seeks the same relief in all three counts: a court determination that the sale by PCI to D&T was a fraudulent transfer under UFTA; avoidance of the transfer of the property; a court-ordered sale of the property to satisfy the June 12, 2007 judgment lien; an order directing D&T to pay Dearborn the sum of no less than $155,143.64 (representing the amount agreed by D&T to be paid for the property and which was payable to Dearborn pursuant to the writ of garnishment); and unspecified equitable relief with respect to Huntington's mortgage lien on the subject property.  The court has dismissed Count III for lack of jurisdiction.  Counts I and II remain pending in this action.

## II.     Standard of review

A grant of summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury

could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, -- U.S. --, 127 S. Ct. 1774, 1776 (2007).

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2nd Cir. 1996). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

### III. Discussion

Defendant Huntington National Bank ("Huntington") seeks summary judgment pursuant to Fed. R. Civ. P. 56(c), on the ground that plaintiff Dearborn Street Building Associates LLC ("Dearborn") does not assert a cause of action against it. The court agrees. Dearborn's remaining two counts are brought pursuant to UFTA. Count I is brought pursuant to M.C.L. § 566.34 ("Fraudulent transfer or obligation, generally; determination of actual intent") and Count II is brought pursuant to M.C.L. § 566.35 ("Fraudulent transfer or obligation; claim of creditor arising prior to transfer or obligation"). Both of these statutes apply to a "debtor," which is defined as "a person liable on a claim." M.C.L. § 566.31(f). For purposes of both Counts I and II, the "debtor" is PCI, i.e. Dearborn's judgment debtor. Dearborn's amended complaint does not claim that Huntington is a debtor or that this defendant violated UFTA. Dearborn's only allegation against Huntington is that this defendant has an interest in the property as a mortgagee, an interest which Huntington admitted in its answer to the amended complaint. *See* docket no. 6. And again, plaintiff does not allege its claim has priority over Huntington's mortgage lien. The fact that Huntington has

an interest in the property is insufficient to support a claim against this defendant for violation of UFTA.  Dearborn has not responded to Huntington's motion, let alone provided an affidavit or any other document to support a claim against Huntington.

Accordingly, Huntington's motion for summary judgment (docket no. 36) is **GRANTED**.  An order consistent with this opinion shall be issued forthwith.


Dated:  January 6, 2009                    /s/ Hugh W. Brenneman, Jr.
                                           HUGH W. BRENNEMAN, JR.
                                           United States Magistrate Judge