# EXHIBIT C

**The Huntington National Bank's Brief in Support of Motion for Sanctions Against Plaintiff Dearborn Street Building Associates, LLC Pursuant to Fed. R. Civ. P. 11**

EDWARD B. GOODRICH
RICHARD G. LEONARD
BRUCE W. NECKERS
ROBERT J. DUGAN
TERRENCE L. GROESSER
THOMAS P. HOGAN
MARY ANN CARTWRIGHT
DANIEL L. ELVE
THOMAS L. SAXE
JAMES L. SCHIPPER
LAURIE M. STRONG
GREGORY G. TIMMER
STEPHEN A. HILGER
SCOTT J. STEINER
DOUGLAS P. VANDEN BERGE
ROBERT C. SHAVER
JOHN M. LICHTENBERG
MARK E. FATUM
DAN E. BYLENGA, JR.
PAUL A. MCCARTHY
RANDY J. KOLAR
MICHAEL C. WALTON
BRUCE A. COURTADE
PETER J. LOZICKI
TODD A. HENDRICKS
MARK S. PENDERY
MARTIN W. BUSCHLE
TERRY L. ZABEL
MARY JANE RHOADES

Rhoades McKee PC
*attorneys & counselors*

161 Ottawa Avenue NW, Suite 600
Grand Rapids, MI 49503-2793
**Phone 616.235.3500 Fax 616.233.5269**
RhoadesMcKee.com

CONNIE R. THACKER
DAVID E. BEVINS
PATRICK R. DRUEKE
MARY L. TABIN
PAMELA J. FARRER-CROSS
ANTHONY A. PEARSON
MICHELLE F. KITCH
ROBERT C. RUTGERS, JR.
ERIC R. STARCK
JOHN T. KLEES
BRIAN K. LAWSON
JON T. FERRIER
WILLIAM M. NEWMAN
LARISSA D. HOLLINGSWORTH
JONATHAN A. FENNELL
EMILY A. GREEN
THOMAS S. FLICKINGER
STEPHEN J. HULST
JAMES R. POLL
STEPHANIE L. PRIES

OF COUNSEL
DALE W. RHOADES
F. WILLIAM MCKEE
ARTHUR C. SPALDING
CHARLES T. ZIMMERMAN
ROBERT F. WILLIAMS
JAMES M. FLAGGERT

June 23, 2008

Thomas R. Morris
SILVERMAN & MORRIS, P.L.L.C.
7115 Orchard Lake Road, Suite 500
West Bloomfield, Michigan 48322

Re: *Dearborn Street Building Associates LLC v D&T Land Holding LLC, et. al.*

Dear Mr. Morris:

Enclosed please find Defendant The Huntington National Bank's Motion, and accompanying Brief, for Rule 11 Sanctions against Plaintiff Dearborn. This Motion is being served in accordance with Fed. R. Civ. P. 11(c)(2), and has therefore not been filed with the Court at this time.

Pursuant to the "safe harbor" provision in Fed. R. Civ. P. 11(c)(2), you have 21 days from the date of service of this Motion to withdraw Dearborn's claims against Huntington. If Dearborn's claims against Huntington are not withdrawn within the 21 day time period, we will proceed with filing the Motion for Sanctions with the Court.

If you have any questions or concerns in this regard, please contact me.

Very truly yours,

RHOADES McKEE

Paul A. McCarthy

Direct Dial Telephone: (616) 233-5139
E-Mail: mccarthy@rhoadesmckee.com

Enc.

N:\Emlyon\Assignments\Paul Mccarthy\Huntingtion Letter.Doc:jlm

UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (GRAND RAPIDS)

DEARBORN STREET BUILDING ASSOCIATES LLC, an Illinois limited Liability company,

Plaintiff,

v

D & T LAND HOLDINGS LLC, a Michigan limited liability company; PCI HOLDINGS, LLC, a Michigan limited liability company; and THE HUNTINGTON NATIONAL BANK, a national banking association,

Defendants.

Civil Case No 1:07-cv-1056

Hon. Gordon J. Quist

---

Thomas R. Morris (P39141)
SILVERMAN & MORRIS, P.L.L.C.
Attorneys for Plaintiff
7115 Orchard Lake Road, Suite 500
West Bloomfield, Michigan 48322
(248) 539-1300

Paul A. McCarthy (P47212)
RHOADES MCKEE
Attorneys for Defendant The Huntington National Bank
600 Waters Building
161 Ottawa Avenue, N.W.
Grand Rapids, MI 49503-2793
(616) 235-3500

---

**DEFENDANT THE HUNTINGTON NATIONAL BANK'S MOTION FOR SANCTIONS AGAINST PLAINTIFF DEARBORN STREET BUILDING ASSOCIATES LLC PURSUANT TO FED. R. CIV. P. 11**

NOW COMES Defendant The Huntington National Bank, through its attorneys Rhoades McKee, and for its Motion for Rule 11 Sanctions against Plaintiff Dearborn Street Building Associates LLC states:

1. Pursuant to Fed. R. Civ. P. 11(b), when an attorney submits a pleading to the court, he or she represents that the legal contentions are supported by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

2. Pursuant to Fed. R. Civ. P. 11(b), when an attorney submits a pleading to the court, he or she represents that the factual contentions have evidentiary support .

3. If an attorney submits a pleading in violation of Fed. R. Civ. P 11(b), a court is required to impose sanctions.

4. Plaintiff filed a complaint pursing claims against PCI and D & T for intentionally hindering, delaying, or defrauding creditors through property sale by PCI to D & T, failing to give PCI reasonably equivalent value for the sale of the property to D & T, and falsely filing a garnishee disclosure.

5. In pursuit of claims, Plaintiff has gratuitously included Huntington although no specific claims are asserted against the bank. Huntington has endeavored to seek Plaintiff's voluntary dismissal of this case. In response, Plaintiff's counsel has acknowledged the lack of claim against Huntington, but Plaintiff refuses to authorize dismissal of the bank.

6. Michigan courts along with the 6th Circuit Court of Appeals have previously analyzed the application of Fed. R. Civ. P 11 in context of frivolous claims. *See Bates v Colony Park Ass'n*, 393 F. Supp. 2d 578 (ED Mich 2005); *Neal v Electronic Arts, Inc.*, 374 F Supp 2d 574 (WD Mich, 2005); *Nieves v City of Cleveland*, 153 Fed Appx 349, 350 (CA 6, 2005).

7. A simple review of the directly applicable case law establishes that Dearborn's claims against Huntington are frivolous and without merit.

8. There is no factual support for the allegations against Huntington. Accordingly, Plaintiff's claims against Huntington have been filed in violation of Fed. R. Civ. P. 11(b), and sanctions are warranted and required.

WHEREFORE, Defendant The Huntington National Bank requests that this Court find that Plaintiff's claims against Huntington violate Fed. R. Civ. P. 11(b); issue an appropriate

sanction under Fed. R. Civ. P. 11(c), including awarding Huntington the reasonable attorney fees incurred in defending the claims asserted against it by Plaintiff; dismiss Plaintiff's claims against Huntington with prejudice, and award any other relief deemed equitable and just.

Dated: ____________________

RHOADES McKEE
Attorneys for Defendant The Huntington National Bank

By:____________________
Paul A. McCarthy (P47212)

UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (GRAND RAPIDS)

DEARBORN STREET BUILDING ASSOCIATES LLC, an Illinois limited Liability company,

Plaintiff,

v

D & T LAND HOLDINGS LLC, a Michigan limited liability company; PCI HOLDINGS, LLC, a Michigan limited liability company; and THE HUNTINGTON NATIONAL BANK, a national banking association,

Defendants.

Civil Case No 1:07-cv-1056

Hon. Gordon J. Quist

---

Thomas R. Morris (P39141)
SILVERMAN & MORRIS, P.L.L.C.
Attorneys for Plaintiff
7115 Orchard Lake Road, Suite 500
West Bloomfield, Michigan 48322
(248) 539-1300

Paul A. McCarthy (P47212)
RHOADES MCKEE
Attorneys for Defendant The Huntington National Bank
600 Waters Building
161 Ottawa Avenue, N.W.
Grand Rapids, MI 49503-2793
(616) 235-3500

---

**DEFENDANT THE HUNTINGTON NATIONAL BANK'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF DEARBORN STREET BUILDING ASSOCIATES LLC PURSUANT TO FED. R. CIV. P. 11**

## INTRODUCTION

Plaintiff Dearborn Street Building Associate's claims against The Huntington National Bank ("Huntington") are frivolous and warrant sanctions under Fed. R. Civ. P 11. Michigan courts along with the 6th Circuit Court of Appeals have previously analyzed the application of Fed. R. Civ. P 11 in context of frivolous claims. Although, Plaintiff's Amended Complaint alleges two counts of Fraudulent Transfer, neither are alleged against the bank. Huntington repeatedly requested to be dismissed from this case and Plaintiff repeatedly refuses, leaving Huntington no choice but to file this Motion for Sanctions. Because Plaintiff filed a complaint without reasonable pre-filing inquiry, along with failing to voluntarily dismiss the case in light of no factual evidence to support the complaints, the claims alleged against Huntington are frivolous. As a result, Plaintiff filed its claims against Huntington in violation of Fed. R. Civ. P 11(b), and Huntington requests reimbursement of its attorney fees as a sanction pursuant to Fed. R. Civ. P 11(c).

## FACTUAL BACKGROUND

On January 19, 2007, the Circuit Court of Cook County issued a Memorandum Opinion and Order granting a $500,000 judgment plus pre-judgment interest from April 1, 2005 at a rate of 5% against PCI Holdings, LLC ("PCI").[1] On April 10, 2007, Plaintiff filed with the Muskegon County, Michigan clerk its Affidavit and Notice of Entry of Foreign Judgment, relating to the Illinois Judgment.[2]

On May 2, 2007, D & T purchased real property known as 4444 Remembrance Road, N.W., Walker, Michigan 49534 from PCI for $890,000.[3] PCI and D & T are affiliates. To purchase the property D & T Land Holdings, LLC ("D & T") obtained financing through

[1] Pl's Am. Compl. ¶ 7.
[2] Pl's Am. Compl. ¶ 8.
[3] Pl's Am. Compl. ¶ 9-10.

Huntington.[4] Plaintiff alleges that D & T did not pay PCI the full $890,000 upon closing the sale, and that D & T, through a promissory note, promised payment to PCI in the amount of $155,143.64.[5] Plaintiff initiated suit against PCI, D & T, and Huntington collectively, for the alleged promised payment to PCI.

In its Amended Complaint,[6] Plaintiff alleges two counts of Fraudulent Transfer in violation of the Uniform Fraudulent Transfer Act.[7] Plaintiff's first count alleges that the sale of property to D & T by PCI was made with the actual intent to hinder, delay or defraud creditors, specifically Plaintiff.[8] Plaintiff's second count alleges that D & T did not pay PCI reasonably-equivalent value for the sale of the property.[9] Plaintiff's Amended Complaint asserts no claim against the bank. Huntington was neither a buyer nor a seller and was not a party to the sale. Huntington did not set the selling price of the property, nor did it have any say in the negotiations between PCI and D & T over the purchase price of the property. Huntington did not receive any money from the sale of the property to D & T and it does not hold title to the property. Huntington's sole role in the sale of the property between D & T and PCI was to finance the deal.

That Plaintiff's Amended Compliant does not assert a cause of action against Huntington is made clear by Plaintiff's own description of its claim in the Joint Status Report. There, Plaintiff described its own case as follows:

---

[4] Pl's Am. Compl. ¶ 16.
[5] Pl's Am. Compl. ¶ 13-14.
[6] On October 30, 2007, this Court ordered Plaintiff to amend its Complaint because Plaintiff failed to establish that diversity jurisdiction exited in the case. The Court ordered the Plaintiff to cure the defect within fourteen (14) days or the complaint would be dismissed. Order to amend Compl. (October 30, 2007).
[7] Plaintiff's third count alleging D & T filed a false Garnishee Disclosure after Plaintiff served D & T with a writ of garnishment was recently dismissed by the Court.
[8] Pl's Am. Compl. ¶ 20.
[9] Pl's Am. Compl. ¶ 22.

> Plaintiff holds a judgment against Defendant, PCI Holdings, LLC ("PCI") in the principal amount of $500,000.00. Subsequent to entry of the judgment, PCI transferred certain real property to Defendant, D & T Land Holdings, LLC ("D & T"). The purchase price stated in the documentation of the sale was $890,000, of which $155,143.64 was to be paid pursuant to a promissory note. PCI and D & T are affiliates. In order to avoid having any portion of the purchase price go to Plaintiff, PCI and D & T agreed between themselves to forgive this portion of the purchase price. Plaintiff claims that this transfer is voidable as a fraudulent transfer avoidable under Michigan Uniform Fraudulent Transfer Act. Plaintiff also claims that D & T owes to PCI the sum of no less than $155,143.64, which represents consideration agreed by D & T to be paid to PCI, but no actually paid, since the documents establish an enforceable obligation on the part of D & T to pay this sum. Plaintiff served a writ of garnishment on D & T, and Plaintiff claims that D & T is liable to Plaintiff in at least that amount pursuant to the writ of garnishment.[10]

Glaringly absent from Plaintiff's description of the case is any allegation against Huntington. In fact, Plaintiff only added Huntington as a party to this case as notice. Plaintiff's action, in this regard, is improper. Both Plaintiff's Amended Complaint and its own description of the case fail to state any cause of action against Huntington.

Huntington has been patient with Plaintiff offering numerous opportunities for Plaintiff to dismiss the claim against Huntington before this motion was filed. Huntington first requested to be dismissed from the case in its Answer to the Amended Complaint.[11] Huntington asked to be dismissed, a second time, following the Rule 16 Conference. On February 20, 2008, Huntington sent a written Stipulation and Proposed Order of Dismissal to Plaintiff. Plaintiff still refused to dismiss Huntington. Following a hearing on May 29, 2008, Huntington asked, for a third time, to be dismissed and was again refused. Huntington now moves for sanctions under Fed. R. Civ. P. 11. Plaintiff's claims, insofar as they are asserted against Huntington, are frivolous and have been advanced in violation of Fed. R. Civ. P. 11(b).

---

[10] Joint Status Report ¶ 5.

[11] Def. Huntington's Answer to Am. Compl. ¶ 29.

## LEGAL ARGUMENT

### A. RULE 11 PROVIDES FOR SANCTIONS WHEN AN ATTORNEY FILES CLAIMS WHICH ARE FRIVOLOUS OR NOT WARRANTED BY EXISTING LAW.

Federal Rule of Civil Procedure 11 spells out the signing requirements as to pleadings, and the representations an attorney makes to the court based on his or her signature:

> **(a) Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name...
>
> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney... certifies that to the best of the person's knowledge, information, and belief, formed **after an inquiry reasonable under the circumstances**:
>
> **(1)** it is **not being presented for any improper purpose**, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the **claims**, defenses, **and other legal contentions are warranted by existing law or by a nonfrivolous argument** for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the **factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery...

Fed. R. Civ. P. 11(a), (b) (emphasis added). As the Sixth Circuit has noted: "Rule 11 is concerned with an attorney's certification to the court, by signing a pleading or other court paper, that the attorney believes on the basis of reasonable inquiry that there is a reasonable basis in law and fact for the position taken . . . ." *Jackson v Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F2d 1224, 1229 (CA 6, 1989).

"The court judges the attorney's conduct by an 'objective standard of reasonableness under the circumstances.'" *Jackson, supra.*. (citations omitted). The objective reasonableness inquiry required by the Rule is not a "one time obligation." *Herron v Jupiter Transportation Co.,*

858 F2d 332, 335 (CA 6, 1988). Rather, a party has a continuing responsibility to review and evaluate pleadings, motions and other papers and to immediately dismiss an unsupportable claim or risk the imposition of Rule 11 sanctions. *Id.* at 335-36.

The provisions of Rule 11 also set forth the sanctions which may be imposed upon an attorney, law firm, or party for violating subsection (b) of the Rule:

> **(1)** ***In General.*** If, after notice and a reasonable opportunity to respond, the court determines that **Rule 11(b) has been violated**, the court may impose an appropriate **sanction on any attorney, law firm, or party that violated the rule** or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> * * * *
>
> **(4)** ***Nature of a Sanction.*** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the **reasonable attorney's fees and other expenses directly resulting from the violation.**

Fed. R. Civ. P. 11(c) (emphasis added). The sanctions provided in Rule 11 work to carry out the two goals of the Rule - deterrence and compensation. *Jackson, supra* at 1229.

## B. PLAINTIFF'S CLAIMS AGAINST HUNTINGTON ARE FRIVOLOUS AND SANCTIONABLE UNDER RULE 11.

Sanctions are supported when a plaintiff refuses to dismiss a defendant from a case after failing to support its claim with factual evidence. In *Neal v Electronic Arts, Inc.,* 374 F Supp 2d 574 (WD Mich, 2005), plaintiff brought suit against defendant, alleging claims for invasion of privacy by appropriation, invasion of privacy by false light, and defamation based on defendant's use of plaintiff's likeness in a video game. Defendant moved for summary judgment and sanctions pursuant to Rule 11.

In addressing defendant's motion for summary judgment, the court articulated the legal and factual deficiencies of plaintiff's claims against defendant. Specifically, the court held that plaintiff's claim for invasion of privacy by appropriation was not viable, based on the contract executed by plaintiff with the National Football League specifically authorizing the use of plaintiff's likeness in video games. *Neal, supra* at 578-579. As to plaintiff's false light claim, the court stated that it found no case law supporting plaintiff's claim. *Neal, supra* at 579. Moreover, the court noted that plaintiff's argument that the use of his picture in place of a Caucasian player is highly offensive to a reasonable person was "simply contrary to the well-established history of the judiciary not to condone theories of recovery which promote racial prejudice or effectuate discriminatory conduct." *Neal, supra* at 579 (citations omitted). Finally, as to plaintiff's defamation claim, the court again noted the lack of case law to support plaintiff's claim. *Neal, supra* at 580. As a result, the court granted summary judgment to defendant. *Neal, supra* at 580.

Defendant also moved for sanctions under Rule 11. Defendant argued that plaintiff's claims were not warranted by existing law, and that plaintiff's counsel was advised by letter to stipulate to a dismissal of his Complaint because it clearly failed to state a claim. *Neal, supra* at 580. However, plaintiff refused to dismiss the claims, and instead filed an amended complaint asserting additional allegations.

In light of the legal deficiencies recognized by the court in its ruling on defendant's motion for summary judgment, the court granted defendant's motion for sanctions under Rule 11. *Neal, supra* at 581. The court held that plaintiff's counsel filed a claim that he knew or should have known was frivolous. *Neal, supra* at 581. As a result, the court held that plaintiff's

counsel's conduct constituted a violation of Rule 11(b)(2), and sanctions were warranted. *Neal, supra* at 581.[12]

Similarly, the Court in *Nieves v City of Cleveland*, 153 Fed Appx 349 (CA 6, 2005), held plaintiff's lack of factual evidence in support of its claim warranted sanctions. Plaintiff brought a four part complaint pursuant to 42 U.S.C. §1983 against her former landlord. Defendant filed a motion for judgment on the pleadings and the trial court dismissed three of the four counts against defendant. *Nieves, supra* at 351. Plaintiff then filed an amended complaint, and defendant followed with motion for summary judgment. Before the trial court had decided the summary judgment motion, defendant sent plaintiff a letter explaining that he would pursue a Rule 11 motion for sanctions if plaintiff failed to withdraw the complaint within 21 days. Plaintiff failed to withdraw the compliant and defendant pursued sanctions. The trial court asked plaintiff to show cause why summary judgment should not be awarded to defendant and plaintiff failed to respond. On remand, the trial court held, "that each of Nieve's allegations against Fano was legally groundless . . . that Watson failed to undertake the requisite investigation to support the allegations in the complaint and that Nieve's factual contentions had little evidentiary support." *Nieves, supra* at 352.

On appeal the Court reviewed the trial court's decision for abuse of discretion. The Court stated that Rule 11 "requires an attorney to conduct a reasonable inquiry into the relevant law and facts before signing pleadings . . . and it prescribes sanctions for violations of these obligations." *Nieves, supra* at 352. The Court held that the trial court did not err and concluded

[12] *See also Flaherty v Gas Research Institute,* 31 F3d 451 (CA 7, 1994) (holding that district court did not abuse its discretion in finding that counsel violated Rule 11 when he reasserted claim after having been advised by opposing counsel of case law requiring dismissal of such claim); *Peregoy v Amoco Production Co.,* 929 F2d 196 (CA 5, 1991) certiorari denied 502 U.S. 864 (holding that district court did not abuse its discretion by imposing Rule 11 sanctions on plaintiffs who filed their suit even though they were aware of cases involving identical facts decided on summary judgment against similarly situated plaintiffs, and who, when faced with motion for summary judgment invoking those cases, did not even attempt to distinguish their case on any fact basis).

that there was "little, if any, evidentiary support for any of Nieve's claims in this record, and no reasonably prudent attorney, having performed even a modicum of investigation, would have filed those claims." *Nieves, supra* at 354-55; *See also Bates v Colony Park Ass'n*, 393 F Supp 2d 578, (ED Mich 2005) (where the Court upheld Rule 11 sanctions because plaintiff refused to dismiss defendant from the case after failing to show, with any factual evidentiary support, why his claims were viable).

The decisions in *Neal* and *Nieves* support an award of sanctions in this case. *Neal, supra* at 581; *Nieves, supra* at 352. Similar to the plaintiff's actions in *Neal,* Plaintiff's factual deficiencies have led it to file a frivolous complaint. *Neal, supra* at 580. Plaintiff's claims are not viable and have not been since the inception of the litigation. *Bates, supra* at 598. The Plaintiff was required to conduct a reasonable inquiry before signing pleadings. *Nieves, supra* at 352. Both the Complaint and Amended Complaint make it obvious that Plaintiff has not done that. Huntington is not even mentioned in Plaintiff's own description of its claim:

> Plaintiff holds a judgment against . . . **PCI** . . . **PCI** transferred certain real property to . . . **D & T**. . . In order to avoid having any portion of the purchase price go to Plaintiff, **PCI** and **D & T** agreed between themselves to forgive this portion of the purchase price . . . Plaintiff also claims that **D & T** owes to **PCI** the sum of no less than $155,143.64, which represents consideration agreed by **D & T** to be paid to **PCI** . . . Plaintiff served a writ of garnishment on **D & T**, and Plaintiff claims that **D & T** is liable to Plaintiff in at least that amount pursuant to the writ of garnishment.[13]

Noticeably absent in Plaintiff's description of the case is any claim asserted against Huntington. Plaintiff failed to state any facts to show Huntington was involved in the sale of proeprty between PCI and D & T. Huntington was not a buyer or seller of the property. All negotiations of sale price of the property took place between PCI and D & T. Further, Huntington had no involvement in the purchaser/seller agreements entered into by PCI and

[13] Joint Status Report ¶ 5 (emphasis added).

D & T. It is clear from the complaint that Plaintiff's have no factual evidence to support any claim against Huntington. *See, Neal, supra* at 581; *Nieves, supra* at 352.

Plaintiff brings the bank in the suit under the prayer for relief and never states any relief it is requesting from the bank. Plaintiff failed to state a claim against Huntington and did not ask for any relief from the bank, thus the bank has no interest in this suit. Accordingly, Plaintiff's claims, insofar as they are asserted against defendant Huntington, are frivolous and have been alleged in violation of Rule 11. *Nieves, supra* at 354-55.

As with the defendants in *Neal*, Huntington repeatedly asked Plaintiff to be dismissed from this litigating and Plaintiff repeatedly refused. *Neal, supra* at 580; *Nieves, supra* at 351; *Bates, supra* at 598. As detailed above, Hunting asked Plaintiff to be dismissed from this case on three different occasions. Plaintiff refused to dismiss Huntington even though Plaintiff's counsel acknowledged the lack of claim against the bank. Huntington is left with not choice but to file this Motion for Sanctions. Plaintiff's unreasonable conduct warrants the imposition of sanctions under Rule 11. *Neal, supra* at 581; *Bates, supra* at 598.

## CONCLUSION

A simple review of the directly applicable case law establishes that sanctions are warranted in this case. Plaintiff's claims against Huntington are frivolous and without merit. Plaintiff failed to support with any factual evidence the claims against Huntington. Plaintiff failed to assert any specific claim against Huntington and has not asked for any specific relief from the bank. Plaintiff's conduct has been unreasonable since the inception of the litigation, failing to voluntarily dismiss the case. Because all of Plaintiff's claims as asserted against Huntington are frivolous, Huntington is entitled to sanctions under Rule 11.

Dated: ______________________

RHOADES McKEE
Attorneys for Defendant The Huntington National Bank

By:______________________________
Paul A. McCarthy (P47212)



N:\Emlyon\Assignments\Paul Mccarthy\RULE 11 BRIEF.Doc:eml

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (GRAND RAPIDS)

DEARBORN STREET BUILDING ASSOCIATES LLC, an Illinois limited liability company,

Plaintiff,

Civil Case No. 1:07-CV-1056

Hon. Gordon J. Quist

v

D & T LAND HOLDINGS LLC, a Michigan limited liability company; PCI HOLDINGS, LLC, a Michigan limited liability company; and THE HUNTINGTON NATIONAL BANK, a national banking association,

Defendants

Thomas R. Morris (P39141)
SILVERMAN & MORRIS, P.L.L.C.
Attorneys for Plaintiff
7115 Orchard Lake Road, Suite 500
West Bloomfield, MI 48322
(248) 539-1330

Paul A. McCarthy (P47212)
RHOADES MCKEE
Attorneys for Defendant Hungington National Bank
600 Waters Building
161 Ottawa Avenue, N. W.
Grand Rapids, MI 49503
(616) 235-3500

Matthew L. Vicari (P44049)
Monica C. Inhulsen (P66124)
MILLER JOHNSON
Attorneys for D&T Land Holdings LLC
250 Monroe Ave., NW Suite 800
Grand Rapids, MI 49503
(616) 831-1700

Jeffrey G. Muth (P65041)
BARNES & THORNBURG LLC
Attorneys for Defendant PCI Holdings LLC
300 Ottawa Ave., NW Suite 500
Grand Rapids, MI 49503
(616) 742-3930

**PROOF OF SERVICE**

The undersigned certifies that a copy of **Defendant, The Huntington National Bank's Motion for Sanctions Against Plaintiff Dearborn Street Building Associates LLC pursuant to FED. R. CIV P. 11** was served upon the attorney(s) above named at the address(es) recited herein on June 23, 2008

By _XX_ U.S. Mail ______ Hand Delivery
______ Facsimile ______ Other

I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

[signature] Julie L. Manier
______________________________