UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (GRAND RAPIDS)

DEARBORN STREET BUILDING ASSOCIATES LLC, an Illinois limited liability company,

Plaintiff,

Civil Case No. 1:07-CV-1056

Hon. Hugh W. Brenneman, Jr.

v

D & T LAND HOLDINGS LLC, a Michigan limited liability company; PCI HOLDINGS, LLC, a Michigan limited liability company; and THE HUNTINGTON NATIONAL BANK, a national banking association,

Defendants

Thomas R. Morris (P39141)
SILVERMAN & MORRIS, P.L.L.C.
Attorneys for Plaintiff
7115 Orchard Lake Road, Suite 500
West Bloomfield, MI 48322
(248) 539-1330

Paul A. McCarthy (P47212)
RHOADES MCKEE
Attorneys for Defendant Hungington National Bank
600 Waters Building
161 Ottawa Avenue, N. W.
Grand Rapids, MI 49503
(616) 235-3500

Matthew L. Vicari (P44049)
Monica C. Inhulsen (P66124)
MILLER JOHNSON
Attorneys for D&T Land Holdings LLC
250 Monroe Ave., NW Suite 800
Grand Rapids, MI 49503
(616) 831-1700

Jeffrey G. Muth (P65041)
BARNES & THORNBURG LLC
Attorneys for Defendant PCI Holdings LLC
300 Ottawa Ave., NW Suite 500
Grand Rapids, MI 49503
(616) 742-3930

**DEFENDANT THE HUNTINGTON NATIONAL BANK'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

Defendant Huntington National Bank recently filed its Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, along with its supporting Brief, on January 15, 2009. In supplement to its previous filing, Huntington submits this Brief to provide the Court with the lodestar analysis used by courts in determining a reasonable fee under Rule 11, and the corresponding reasonable fees for which Huntington seeks reimbursement in this case.

In considering a reasonable award of attorney's fees as sanctions under Rule 11, the "lodestar" approach is utilized. *Bodenhamer Bldg. Corp. v Architectural Research Corp.,* 989 F2d 213, 221 (CA 6, 1993). The "lodestar figure" is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Wayne v Village of Sebring,* 36 F3d 517, 531 (CA 6, 1994). The lodestar figure (the reasonable hourly rate times reasonable hours expended) is presumed to be the reasonable attorney's fee, regardless of the fee-agreement between a prevailing party and his or her client. *Miller v Alldata Corp.*, 14 Fed Appx 457, 468 (CA 6, 2001); *Fuhr v School Dist. of City of Hazel Park,* 364 F3d 753, 762 (CA 6, 2004) ("we have adopted the lodestar approach as the centerpiece of attorney's fees awards"); *Blanchard v Bergeron,* 489 US 87, 94; 109 S Ct 939; 103 L Ed 2d 67 (1989) (stating, in the context of § 1988's provision allowing for a reasonable attorney's fee, "[s]hould a fee agreement provide less than a reasonable fee calculated in this manner [lodestar], the defendant should nevertheless be required to pay the higher amount"). The Sixth Circuit Court of Appeals generally applies the lodestar approach to all petitions seeking an award of reasonable attorney's fees. *See, for e.g., B&G Mining, Inc. v Director, Office of Workers' Comp. Programs*, 522 F3d 657, 663-664 (CA 6, 2008) (discussing attorney fee shifting provisions in various federal statutes).

In the lodestar approach, the court first considers the issue of a reasonable hourly rate. With regard to the hourly rate, the Supreme Court has held that the rates to be used in calculating the lodestar are those rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v Stenson,* 465 US 886, 896 n 11, 104 SCt 1541, 1547 n 11; 79 L Ed 2d 891 (1984). District courts have relied on the State Bar of Michigan Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice. *Lamar Adver. Co. v Charter Twp. Of Van Buren*, 178 F Appx 498, 501-02 (CA 6, 2006). In addition, courts can look to the professional standing, skill and experience of the attorney and the results obtained when calculating the reasonable hourly rate. *Blanchard v Bergeron,* 489 US 87, 91 n 5; 109 S Ct 939; 103 L Ed 2d 67 (1989). Finally, "the actual rate that applicant's counsel can command in the market is itself highly relevant proof of the prevailing community rate." *National Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F 2d 1319, 1326 (DC Cir, 1982). Probably the best evidence of a reasonable rate is the rate ordinarily charged by the attorney. *Id.* at 1325; *see also, Spell v McDaniel,* 824 F 2d 1380, 1402 (CA 4, 1987); *Detroit v Grinnell Corp.,* 495 F2d 448, 473 (CA 2, 1974).

Applying the lodestar approach in the present case, this Court must first determine the reasonable hourly rate for commercial litigation in Grand Rapids. The beginning point for that analysis comes from the State Bar of Michigan's 2007 survey on the economics of law practice. The responses to the survey suggest an average 2007 billing rate of $256 an hour for general litigation practice in Grand Rapids, Michigan. *See* State Bar of Michigan, *2007 Economics of*

*Law Practice Survey Results*, Billing Rates by Office Location – Grand Rapids Area, a copy of which is attached as **Exhibit 1**.[1]

Undersigned counsel's standard hourly rate for commercial litigation matters is $280. As described in **Exhibit 2**, the undersigned counsel earned a B.B.A., *with distinction*, from the University of Michigan Business School in 1989 (with a finance concentration). In 1992, he earned his law degree, *cum laude*, from Marquette University. In 1994, he received an M.B.A. from Marquette University, thus completing his dual-degree studies. Undersigned counsel is an AV-rated trial lawyer, and has been selected as a "Michigan Super Lawyer" in the area of business disputes.

In light of the State Bar Survey, as augmented by the attached affidavit of undersigned counsel, Huntington requests that, at a minimum, the Court find that a reasonable hourly rate for this matter is $256 per hour. The results obtained by undersigned counsel – summary judgment on Plaintiff's entire Complaint – would support an upward adjustment in this figure.

As to the number of hours expended, a review of the time sheets attached as Exhibit E to Huntington's previously filed Brief in Support of Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, shows that the time spent on this file was reasonable and necessary. The 101.60 hours reflected in the time sheets is from December of 2007, when the frivolous Complaint was filed against Huntington, through January of 2009, and does not include the time spent by

[1] In reality, the $256 hourly rate suggested by the survey is on the low end for two specific reasons. First, only ten firms in Grand Rapids provided information in response to the State Bar survey. As it turns out, those firms were all one-person firms. Therefore, the $256 rate reflects the lower rate one-person firms are able to charge, and is not entirely representative of the higher rates charged by attorneys at larger firms, which have higher overhead to provide greater resources. Second, the $256 rate relates only to the "general litigation" category. However, within that category, the more specialized practice of commercial litigation generally includes more complicated matters, both factually and legally. Commercial litigation disputes involve a much greater emphasis on financial and accounting matters, and attorneys practicing in this area must gain the necessary knowledge and experience to handle these issues. Because the work involves more technical knowledge and experience, the hourly rates for attorneys practicing in commercial litigation are generally higher than those for the catch-all category of general litigation.

Huntington's counsel relative to the present Motion for Sanctions. Given that Huntington was improperly sued, and retained, in this case for over a year, and was forced to protect itself by answering Plaintiff's complaints, attending hearings, reviewing and producing its files, drafting its Motion for Summary Judgment, drafting its Motion for Sanctions, and participating in pretrial activities, the 101.60 hours spent on the file were entirely reasonable.

Taking the minimum reasonable hourly rate of $256, and multiplying it by the reasonable number of hours expended of 101.60, the lodestar equals $26,009.60. Including costs incurred by Huntington in this matter of $1,122.39[2], the Court would be justified in awarding Huntington $27,131.99 under a lodestar analysis.

Dated: January 22, 2009

Respectfully submitted,

RHOADES McKEE
Attorneys for Defendant The Huntington National Bank

By: */s/ Paul A. McCarthy*
Paul A. McCarthy (P47212)

[2] This amount is reflected in Exhibit E to Huntington's previously filed Brief in Support of Motion for Sanctions Pursuant to Rule 11.